## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EDWARD S. COHN**, *et al.* | * | |
| *Substitute Trustees* | * | |
| | * | |
| **Plaintiffs/Counter-Defendants** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **YANEL CHARLES** | * | |
| | * | |
| **Defendant/Counter-Plaintiff** | * | **Civil No.: PJM 11-2013** |
| | * | |
| *  *  *  *  *  *  *  *  *  *  *  *  * | * | |
| | * | |
| **YANEL CHARLES** | * | |
| | * | |
| **Defendant/Third-Party Plaintiff** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **NATIONSTAR MORTGAGE, LLC** | * | |
| | * | |
| **Third-Party Defendant** | * | |

## <u>MEMORANDUM OPINION</u>

On September 10, 2009, Substitute Trustees Edward S. Cohn, Stephen Goldberg,

Richard Solomon, and Richard Rogers (collectively the "Trustees") filed an Order to Docket a

foreclosure in the Circuit Court for Prince George's County, Maryland, against Yanel Charles's

real property in Mount Rainier, Maryland.  On June 3, 2011, also in Circuit Court, Charles filed a

Counterclaim against the Trustees and a Third Party Complaint against the successor mortgagee

of the property, Nationstar Mortgage, LLC ("Nationstar"), alleging violations of the Truth in

Lending Act and the Real Estate Settlement Procedures Act—both Federal statutes.  On July 21,

2011, the Trustees and Nationstar removed the Counterclaim and Third Party Complaint to this

Court.

Charles has filed a Motion to Remand to State Court [Docket No. 16] on the basis of the well-pleaded complaint rule.  At the Court's instruction, Charles has also filed a Motion for Attorneys' Fees [Docket No. 26].  Also pending before the Court are Nationstar's Motion to Dismiss [Docket No. 10] and the Trustees' Motion to Dismiss [Docket No. 17].

For the reasons stated below, Charles's Motion to Remand to State Court [Docket No. 16] is **GRANTED**, his Motion for Attorneys' Fees [Docket No. 26] is **DENIED**, Nationstar's Motion to Dismiss [Docket No. 10] is **MOOT**, the Trustees' Motion to Dismiss [Docket No. 17] is **MOOT**, and this case shall be **REMANDED** to the Circuit Court for Prince George's County, Maryland.

## I.

## A.

Federal district courts have "original jurisdiction" over all "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A "defendant" may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" unless expressly prohibited.  *Id.* § 1441(a). Removal is also proper where "separate and independent" claims that arise under federal law are joined to otherwise non-removal claims.  *Id.* § 1441(c).[1]  In any event, "[r]emoval statutes . . . must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns."  *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011). Doubts about the propriety of removal are to be resolved in favor of remanding the case to state

---

[1]  Although Section 1441(c) has been amended to remove the "separate and independent" language, the prior version of the law was in effect when this case commenced and accordingly controls here.  *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 105, 125 Stat. 758, 762.

court.  *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (*citing*

*Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994)).

Only a defendant to an action—neither a counter-defendant nor a third-party

defendant—may remove a case under § 1441(a).  *See Shamrock Oil & Gas Corp. v. Sheets*, 313

U.S. 100, 107-09 (1941) (strictly construing § 1441 and finding that the term "defendant"

precludes a plaintiff/counter-defendant from removing to federal court); *Palisades Collections*

*LLC v. Shorts*, 552 F.3d 327, 332 (4th Cir. 2008) ("For more than fifty years, courts applying

*Shamrock Oil* have consistently refused to grant removal power under § 1441(a) to third-party

defendants.").

In determining whether an action "arises under federal law," courts must look at

"the face of the plaintiff's properly pleaded complaint."  *Verizon Md., Inc. v. Global NAPS, Inc.*,

377 F.3d 355, 363 (4th Cir. 2004) (*citing Caterpillar v. Williams*, 482 U.S. 386, 392 (1987)).

Under this "well pleaded complaint rule," a case does not become removable simply because the

defendant in the state proceeding raises a federal counterclaim or federal defense.  *See Holmes*

*Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A]

counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's

complaint—cannot serve as the basis for 'arising under' jurisdiction."); *In re Blackwater Sec.*

*Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) ("Under what has become known as the

well-pleaded complaint rule, § 1331 federal question jurisdiction is limited to actions in which

the plaintiff's well-pleaded complaint raises an issue of federal law; actions in which defendants

merely claim a substantive federal defense to a state-law claim do not raise a federal question.").

**B.**

To determine whether the present action was properly removed, the Court must first identify which party "brought" the case in state court. 28 U.S.C. § 1441(a). *See Haun v. Retail Credit Co.*, 420 F. Supp. 859, 862 (W.D.Pa. 1976) ("Congress intended the word 'brought' to mean no more than its usual connotation of 'commenced' when it provided in Section 1441(a) for removal of cases 'brought in a State court.'"). This will determine which party was the "defendant" in that court, hence able to initiate removal, and what constituted the "complaint" for the purposes of the well-pleaded complaint rule. Charles argues that it was the Trustees who brought the case when they filed the Order to Docket to initiate the foreclosure proceeding in the Circuit Court for Prince George's County, Maryland. *See* Md. Rule 14-207; MD. CODE ANN., REAL PROP. § 7-105.1(d). The Trustees and Nationstar counter that under Maryland law, an order to docket a foreclosure is not a "pleading," and, therefore, it was Charles who initiated the action when he filed the Counterclaim and Third Party Complaint. *See Saunders v. Stradley*, 333 A.2d 604, 610 (Md. Ct. Spec. App. 1975).

The Court agrees with Charles.

To review the procedural history: The Trustees commenced a foreclosure action in state court on behalf of Nationstar; Charles then filed a Counterclaim and Third Party Complaint within the foreclosure proceeding, as permitted by Maryland law. *See Fairfax Sav., F.S.B. v. Kris Jen Ltd. P'ship*, 655 A.2d 1265, 1275 (Md. 1995) (holding that a mortgagor could have asserted lender liability claims as a counterclaim within the foreclosure proceeding).

The Counterclaim and Third Party Complaint were filed within an existing state proceeding and, therefore, did not create a removable "civil action brought in a State court" to

which the Trustees or Nationstar are defendants. [2]  28 U.S.C. § 1441(a).  Accordingly, the

Trustees are plaintiffs/counter-defendants and Nationstar is a third-party defendant within the

foreclosure proceeding, and they have no authority to remove under § 1441(a).  *See Palisades*

*Collections*, 552 F.3d at 333 ("[W]e easily conclude that an additional counter-defendant is not a

"defendant" for purposes of § 1441(a).").

Even if the Trustees and Nationstar were "defendants" in the state proceeding,

inasmuch as the federal question arises only from the Counterclaim and Third Party Complaint—

not from the Order to Docket—the Court lacks jurisdiction under the well-pleaded complaint

rule.  *See Holmes Group*, 535 U.S. at 831; *Jacob v. Hinds*, No. 10-2103, 2010 WL 3782008, at

*2 (D. Md. Sept. 23, 2010) ("Here, there is no federal question presented by the Order to Docket

Foreclosure of Residential Property or the accompanying papers filed by Plaintiffs in state court .

. . . Thus, the removal cannot be sustained in this court on the basis of federal question

jurisdiction.").

The argument of the Trustees and Nationstar that under Maryland law, "an 'order

to docket' is not a pleading," *Saunders*, 333 A.2d at 610, and that therefore removal is proper,

fails for two reasons.  First, *Saunders* may very well not reflect the current state of Maryland

foreclosure law, which has undergone numerous revisions since it was decided.  The most recent

amendments, enacted in 2009, "provided additional protections to the mortgagor and changed the

Order to Docket, endowing it with several characteristics of a complaint," and at least one

---

[2]     The posture here would have been different had Charles asserted his federally-based claims
        in a separate and independent action—which he did not do.  *See, e.g., Arnold v.
        CitiMortgage, Inc.*, No. 07-2617, 2011 WL 2457694, at *3 (D. Md. June 14, 2011)
        (confirming removal of a federally-based complaint and rejecting plaintiff's argument that
        the claims should be remanded because they relate to a state foreclosure proceeding because
        "the actions they initiated were not filed as counterclaims [to the foreclosure] but rather as
        separate and independent actions.").

Maryland court has explicitly disavowed *Saunders*, finding that "the Maryland Order to Docket <u>is</u> a pleading" under current law. *Azzam v. Echehoyen*, No. 10-C-09-003965, 2010 Md. Cir. Ct. LEXIS 2, at *12 (Md. Cir. Ct. March 15, 2010) (emphasis added); *see also MacFadyen v. Smith*, No. 10-2802, 2011 WL 1740583, at *3 (D. Md. May 3, 2011) (remanding to state court under the well-pleaded complaint rule because the order to docket a foreclosure did not invoke federal law); *Jacob v. Hinds*, 2010 WL 3782008, at *2 (same).

Second, whether or not an order to docket a foreclosure is a complaint, the Trustees and Nationstar had no authority to unilaterally sever the Counterclaim and Third Party Complaint from the foreclosure proceeding and remove just that portion of the case to federal court. Matters relating to the administration of the state court proceeding, including whether to sever the federal claims from the foreclosure, lie within the Maryland Circuit Court's discretion. *See Fairfax Sav.*, 655 A.2d at 1275 n.9 ("Although there is no theoretical obstacle to docketing a counterclaim by the mortgagor in a mortgage foreclosure proceeding, there are innumerable practical difficulties. . . . If the counterclaim is filed before sale, the court may be required to exercise its discretion as to which aspect of the single action on the docket is to proceed first. . . . If exceptions to the ratification of the sale are filed, a circuit court may also have to consider issues of severance under Md. Rule 2-503(b) as well as issues relating to the preservation of the right to a jury trial.").

## C.

Nationstar argues that as a third party defendant, it is uniquely entitled to remove under Section 1441(c) and relies on *Soper v. Kahn*, 568 F. Supp. 398, 402 (D. Md. 1983) for the proposition that removal by a third party defendant of the claims against it is proper where "the third-party complaint states a separate and independent claim which if sued upon alone could

have been brought properly in federal court." *Id. quoting Carl Heck Eng'rs, Inc. v. LaFourche Parish Police Jury*, 622 F.2d 133, 135–36 (5th Cir. 1980); *but see Carroll Cnty. Gen. Hosp. v. Rosen*, 174 F. Supp. 2d 384, (D. Md. 2001) (disagreeing with the minority view as expressed in the "somewhat dated decision" in *Soper*).

Whatever the continuing validity of *Soper* may be, the alleged Third Party Complaint in this case is not, in effect, a bona fide Third Party action.  The Trustees, who are plaintiffs in the foreclosure, represent Third Party Nationstar's interests, not those of some predecessor mortgagee or some tangentially related entity.  *See* Md. Rule 14-204; 14-214 (allowing for a substitute trustee to institute an action to foreclose a lien).  In other words, the Trustees and Nationstar are effectively one and the same, as demonstrated by the fact that Charles asserts identical lender liability claims in both the Counterclaim and Third Party Complaint.  *See*, *e.g.*, *Chelsea House N. Apartments, LLC v. Blonder*, 223 F.R.D. 388, 391 (D. Md. 2004) (finding that a third party complaint against plaintiff's agent was not proper where defendant made an "identical allegation" in the counterclaim, and the proffered "third party" claim "must be evaluated as a counterclaim").  There is no rational basis for considering the claims against the two parties separately, let alone in separate courts.  *See Allen & Whalen, Inc. v. John C. Grimberg Co.*, 185 A.2d 337, 339 (Md. 1962) (noting that the "underlying purpose" of both the Federal and the Maryland rules regarding third party impleader is "to simplify and expedite proceedings and to avoid the useless duplication, expense and possible uncertainty of more than one trial").

## II.

Having determined to remand this case to state court, the Court considers whether to include an award of Charles's attorneys' fees and other costs and expenses incurred as a result of the removal.  *See* 28 U.S.C. § 1447(c).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Whether to award costs and expenses is in this Court's discretion, and there is no presumption either for or against such an award.  *Id.* at 139.

Although the Court has found that removal was improper, it does not find that the removal was objectively unreasonable.  The effect of recent amendments to Maryland foreclosure law with respect to the nature of an order to docket a foreclosure and the problematic nature of adjudicating a foreclosure governed by state law together with a mortgagor's federally-based counterclaims against a mortgagee (or its successor), at a minimum makes the state of remand law murky.  *Id.* at 141; *see Fairfax Sav.*, 655 A.2d at 1275 n.9.  Accordingly, the Court denies Charles's motion for fees and costs.  *See Hill Int'l, Inc. v. Suffolk Constr. Co., Inc.*, No. 11-2645, 2011 WL 5854603, at *3 (D. Md. Nov. 21, 2011) (remanding to state court but declining to award costs and fees because the law was unclear).  Under the circumstances, no award of fees or costs is in order.[3]

---

[3]   It is hard to resist the temptation to question why this case has proceeded as it has.  It would seem to have been in the interest of the mortgagor (here, Charles) to delay the foreclosure, whereas it would seem to have been in the interest of the Trustees and mortgagee to make the foreclosure go forward quickly.  Attempted removal of a portion of the case by the Trustees

**III.**

For the foregoing reasons, Charles's Motion to Remand [Docket No. 16] is **GRANTED**, Charles's Motion for Attorneys' Fees [Docket No. 26] is **DENIED**, Nationstar's Motion to Dismiss [Docket No. 10] is **MOOT**, the Trustees' Motion to Dismiss [Docket No. 17] is **MOOT**, and this case shall be **REMANDED** to the Circuit Court for Prince George's County, Maryland.

A separate Order will **ISSUE**.


<u>               /s/               </u>
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**January 27, 2012**

---

and the mortgagee to this Court, if nothing else, has occasioned considerable delay in the foreclosure proceeding.